Tilghman C. J.
The proceedings in this case have been removed by certiorari from the Court of Quarter Sessions for the county of Philadelphia. No objection is made to the course of the road, but exceptions have been taken on the part of the heirs of Anna Gibson and of Messrs. James and John Gibson, because no damages were allowed to them, nor does it appear on the face of the report made by the jury, whether their claim of damages had been taken into consideration and decided on, or not. The order of the Court is general, to inquire what damages may be sustained by the owners of houses, lands, or other property, so that if the' jury had refused or neglected to inquire into the case of any person interested, it would have been good cause for setting aside their report. They found damages sustained^by the heirs of Jacob Baker, and said nothing as to any other person, but it does not follow, that the case of no-other person was considered and decided on. The jury might suppose, that their silence with respect to all others was tantamount to saying, that as to them they found no damages, and that this was really the case cannot be doubted, because by the exceptions filed, both in the Quarter-Sessions and in this Court, it appears, that the claim of the Gibson family for damages was brought before the jury and decided on after evidence heard. The point then is reduced to this, shall this Court quash the proceedings, because the jury have not expressly said, that they found no damages had been sustained by any persons but the heirs of Baker? To establish such a principle might do mischief, because on search of precedents we find many cases where the jury have been silent as to all persons;who in *279 their opinion had sustained .no damage. These reports or findings by freeholders appointed to inquire into damages are not scanned with such critical nicety in this Court as proceedings at common law removed by writ of error. The proceedings are generally entered without much regard to form; and the Courts of Quarter Sessions in which they originate are in the habit of inquiring specially on motion into all complaints on account of irregularity. It often happens, that inquiry has been made, evidence heard, and objections answered, in the most satisfactory manner in the Sessions, which do not appear on the record. So that we ought to be careful how we quash the proceedings on account of omission. Where any thing against law appears on the record, the proceedings cannot stand. But in a case like the present, where it is by no means inconsistent with the record to aver, that the jury did hear.and decide upon the claims of all persons who asked damages and which it is evident from the exceptions themselves, that those claims were in fact decided, it would be going beyond the rules by which this Court has governed itself, to quash the proceedings.
Another exception was taken to the Court of Quarter Sessions having quashed the report of a former jury. The reason for quashing it was, that the jury had not found damages, but stated certain facts, on which they submitted to the Court, whether damages should be given or not. The Court had a right to quash such a report without doubt. The duty of the jury was to find what damages any person might sustain, and the Court were not bound to receive any other finding. I am of opinion, that the proceedings should be confirmed.
Yeates J.
The return of the last set of viewers of this-road might certainly be much more formal than it now appears. . But it is evident from the four exceptions filed in the Court of Quarter Sessions, that a claim was made by the heirs of Anna Gibson for damages sustained by them in consequence of the road running through their land, and the jurors by finding damages for the heirs of Jacob Baker, must necessarily have negatived the claim of Messrs. Gibson. Few roads would stand the test of examination, if the want of a'strict adherence to the letter of the law could be assigned as a ground of error in the different returns. Upon ob *280 jections to the return of viewers, the Sessions frequently hear witnesses as to the substantial merits of the particular case, and this Court has more than once sanctioned that practice.
Messrs. James and John Gibson have equitable claims for the Sums expended by them in erecting a bridge and causeway on the road, while the same was a private road; but having incurred this expense under a contract with the heirs of Baker, without any public authority for so doing, I do not see that this Court can interpose therein under the words or spirit of the act of 3d April, 1804. I am, therefore, constrained to say, that the judgment of the Sessions be affirmed.
Brackenridge J., who was absent, in consequence of sickness, gave -rio opinion.
Proceedings confirmed.